FILED
2025 MAY 07 04:29 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-13929-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JESSICA ZWERLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PROMEDICA EMPLOYMENT SERVICES, LLC a foreign limited liability company doing business as HEARTLAND EMPLOYMENT SERVICES, LLC; MANOR CARE OF SALMON CREEK WA, ASSOCIATION, a foreign nonprofit corporation doing business as PROMEDICA EMPLOYMENT SERVICES; LAURA PETERSON, an individual; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION AND PUBLIC POLICY |

The Plaintiff Jessica Zwerle ("Plaintiff" or "Ms. Zwerle") brings this action against Defendants ProMedica Employment Services, LLC dba Heartland Employment Services, LLC, Manor Care of Salmon Creek WA, Association dba ProMedica Employment Services (collectively, "ProMedica"), and Laura Peterson (collectively, "Defendants") and alleges as follows:

I. **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under RCW 2.08.010 and RCW

COMPLAINT - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

49.60.030.

2.  Venue is proper in this Court pursuant to RCW 4.12.025 because at least one of Defendants transacts business in King County, Washington.

## II.   PARTIES

3.  Plaintiff Jessica Zwerle is a resident of Vancouver, Clark County, Washington, and worked for Defendants in Vancouver, Clark County, Washington.

4.  Defendant ProMedica Employment Services, LLC is a foreign limited liability corporation doing business as Heartland Employment Services, LLC that regularly transacts business in King County, Washington and has an office for the transaction of business at 10700 Meridian Avenue North, Suite 507, Seattle, Washington 98133.

5.  Defendant Manor Care of Salmon Creek WA, Association, is a foreign nonprofit corporation doing business as ProMedica Employment Services that transacts business in Washington.

6.  Defendant Laura Peterson is an individual who, on information and belief, resides in Washington and, at times relevant to this Complaint, worked for ProMedica as a Licensed Nursing Home Administrator.

7.  Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

## III.   STATEMENT OF FACTS

8.  On approximately June 20, 2022, ProMedica hired Ms. Zwerle as a Certified Nursing Assistant.

9.  Upon hire, ProMedica told Ms. Zwerle that she would be assigned to work an

COMPLAINT - 2

1  eight-hour shift, which would typically take place from 6 a.m. to 2 p.m.

2  10. Initially, Ms. Zwerle's duties included assisting nurses and handling patients' personal matters, which included distributing meals and replacing bathroom equipment in their beds.

3  11. On or about December 14, 2022, Ms. Zwerle was injured in the course of her work duties while replacing a patient's bed pan with the assistance of her coworker, Ryan Gerald Skarl. In order to do this, they needed to roll the patient over. However, the bed was not raised high enough to allow Ms. Zwerle to use her legs to adjust the patient's position. As a result, Ms. Zwerle was forced to lift with her back, causing her injury.

4  12. After a few hours, Ms. Zwerle noticed that the pain was getting worse and requested to leave work to go to the doctor's office. Defendants did not allow Ms. Zwerle to leave until she signed a variety of paperwork. At this point, the pain was so great that Ms. Zwerle was in tears while she signed the paperwork.

5  13. On information and belief, one of the documents that Defendant made Ms. Zwerle sign stated that she would be terminated after 90 days if her claim was not accepted by the Washington Department of Labor and Industries.

6  14. On or about December 15, 2022, Ms. Zwerle returned to work. Defendants accommodated her by allowing her to work in a less physically demanding role.

7  15. Over the next 3 months, Ms. Zwerle continued to work in her modified position, doing paperwork.

8  16. On or about March 31, 2023, Ms. Zwerle was terminated by Defendants, due to her work injury status remaining the same after 90 days without improvement. This termination came two weeks after what should have been the 90-day date because Defendant was having Ms. Zwerle help pack up things in preparation for the facility being sold to new management.

9  17. Instead of continuing to accommodate Ms. Zwerle for her injury, Defendants instead terminated her employment.

10  18. On approximately April 7, 2023, the Department of Labor and Industries allowed

COMPLAINT - 3

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Ms. Zwerle's claim, SM14191, for her workplace injury that occurred on December 14, 2022.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION
### VIOLATION OF PUBLIC POLICY

19. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

20. Washington state common law recognizes a tort claim for wrongful discharge in retaliation for filing a workers' compensation claim, independent of Title 51 RCW. *Wilmot v. Kaiser Aluminum and Chemical Corp.*, 118 Wn.2d 46, 53, 821 P.2d 18 (1991).

21. Washington has "a clear mandate of public policy against retaliatory discharge of employees for pursuing workers' compensation benefits." *Id.* at 54.

22. In approximately December 2022, Ms. Zwerle exercised her statutory right to pursue workers' compensation benefits for her workplace injury by filing a claim with the Department of Labor and Industries.

23. Defendants terminated Ms. Zwerle in retaliation for filing a workers' compensation claim.

24. Defendant's termination of Plaintiff jeopardizes Washington's public policy against retaliatory discharge of employees for pursuing workers' compensation benefits.

### SECOND CAUSE OF ACTION
### DISABILITY DISCRIMINATION (DISPARATE TREATMENT)
### VIOLATION OF THE WLAD

25. Ms. Zwerle incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

26. Ms. Zwerle is a member of a protected class as she has a disability.

27. Ms. Zwerle is qualified for the position she maintained with Defendants or substantially equal work.

COMPLAINT - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

28. Defendants took an adverse employment action toward Plaintiff in the form of termination.

29. Ms. Zwerle was performing satisfactory work at the time of her workplace injury.

30. Defendant terminated Plaintiff from employment because of her physical limitations in violation of the Washington Law Against Discrimination, RCW 49.60.180.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE WLAD

31. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

32. Defendants retaliated against Ms. Zwerle for having a disability, for filing a workers' compensation claim for her disability, and for requesting a reasonable accommodation.

33. Ms. Zwerle was engaged in the protected activity of requesting a workplace accommodation for her disability.

34. Defendants took an adverse employment action after failing to accommodate Ms. Zwerle's physical disability by failing to engage in the interactive process with her and by terminating her for having a disability.

35. Ms. Zwerle's workplace injury and request for accommodation prompted the Defendants' actions.

### FOURTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE)
### VIOLATION OF THE WLAD

36. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

37. Plaintiff requested a reasonable accommodation for her disability.

38. Defendants took an adverse employment action when they failed to accommodate Ms. Zwerle's physical limitation by refusing to engage in the interactive process with her and by terminating her for having a disability.

COMPLAINT - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

39. Ms. Zwerle's request for accommodation prompted Defendants' wrongful action, which was their termination of Plaintiff.

## V. DAMAGES

40. Defendants' unlawful conduct has caused Plaintiff the following damages:
- Lost back pay, wages, and benefits in amounts to be established at trial;
- Lost front pay, future wages, and benefits in amounts to be established at trial;
- Attorneys' fees, costs, and expenses;
- Emotional upset, stress, and anxiety in an amount to be established at trial;
- Attorneys' fees, costs, and expenses in amounts to be established at trial; and
- Statutory and punitive damages.

## VI. REQUEST FOR RELIEF

Plaintiff requests that the Court enter judgment against Defendants as follows:

41. Special damages for lost wages, benefits, and out of pocket expenses in amounts to be established at trial;

42. General damages for emotional distress in an amount to be established at trial;

43. Reinstatement of Plaintiff to her former position with Defendant or, in lieu of reinstatement, an award of future wages in an amount to be established at trial;

44. Attorneys' fees, costs, and expenses;

45. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

46. Prejudgment interest; and

47. Any additional or further relief which the Court finds equitable, appropriate or just.

DATED May 7, 2025                                  EMERY | REDDY, PLLC

By:    /s/ Patrick Reddy
       PATRICK B. REDDY
       WSBA No. 34092
       Emery Reddy, PLLC
       600 Stewart Street, Suite 1100
       Seattle, WA 98101

Phone: (206) 442-9106
Fax: (206) 441-9711
Email: reddyp@emeryreddy.com
*Attorney for Plaintiff Jessica Zwerle*